IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA PICKERN, ) | |
| ) | 2:12-cv-02586-GEB-CMK |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CHICO STEAKHOUSE, LP dba OUTBACK ) | |
| STEAKHOUSE; CHICO MALL, LP, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Attorney Anthony Nguyen called and then e-mailed the undersigned judge's courtroom deputy clerk the attached e-mail. In the e-mail, counsel appears to be attempting to seek inappropriate legal advice from the courtroom deputy clerk. Counsel appears persistent in this attempt since his e-mail shows he left the undersigned judge's courtroom deputy clerk "voicemails . . . yesterday . . . [r]egarding Order No. 20, 'Order Striking Amended Answer,'" and that he is "confused as Defendant Chico Steakhouse never filed an Amended Answer."[1] Counsel

---

[1] Although "Order No. 20" referenced Defendant Chico Steakhouse's pleading as an "Amended Answer," it is understood the pleading referred to by both Attorney Nguyen and the Court's order is Defendant Chico Steakhouse's Answer filed March 21, 2013. (ECF No. 19.) Referring to the pleading as an amended answer is in accord with Federal Rule of Civil Procedure 15. See Adobe Sys. Inc. v. Coffee Cup Partners, Inc., No. C 11-2243 CW, 2012 WL 3877783, at *5 (N.D. Cal. Sept. 6, 2012) (collecting Ninth Circuit cases applying the "moderate approach" to a party's right to amend its answer in response to an amended complaint and only "permit[ting] the defendant to respond to an amended complaint that changes the theory or scope of the case" (quoting Uniroyal Chem. Co.,

(continued...)

1  appears resolutely committed to seeking legal advice from the courtroom
2  deputy clerk as stated in the last sentence of his e-mail: "If I can
3  speak with you about this to see what we can do about correcting these
4  issues, I would really appreciate it." Counsel shall discontinue trying
5  to speak to the courtroom deputy clerk about this matter. It should be
6  pellucid that counsel should instead "become familiar with and follow
7  [the] rule[] applicable to practice in this court [about which he
8  appears to seek legal advice from chambers]. It is incumbent upon an
9  attorney practicing in [this court] to secure and study" the rule
10 applicable to a ruling that disappoints the attorney, and presumably his
11 or her client. Dela Rosa v. Scottsdale Mem'l Health Sys., Inc.,136 F.3d
12 1241, 1244 (9th Cir. 1998). "Such behavior is not only a mark of
13 elementary professional competence, but is common sense to attorneys
14 seeking to zealously represent the interests of their clients." Id.

15         If Attorney Nguyen continues to communicate or to try to
16 communicate with the courtroom deputy clerk on the topic that is the
17 subject of his e-mail, he and his client will be issued an order to show
18 cause why he and his client should not be sanctioned for disobedience of
19 this court order. It seems apparent that Mr. Nguyen's unyielding
20 obstinance in his persistence in speaking to the courtroom deputy clerk
21 stems from his failure to understand that the undersigned judge decided
22 that counsel's client was not authorized to amend its answer as a matter
23 of right. See Adobe Sys. Inc., 2012 WL 3877783, at *5. It should be
24 obvious to Attorney Nguyen and his client by now that if counsel's
25 client wants to request something from the Court, it should be sought in

---

[1](...continued)
Inc. v. Syngenta Crop Prot., Inc., No. 3:02CV02253 (AHN), 2005 WL 677806, at *2 (D. Conn. Mar. 23, 2005))).

1  a noticed motion. Obviously, law and motion hearing dates may be
2  obtained from the courtroom deputy clerk.
3  Dated:  April 2, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge