UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA PICKERN, | No. 12-cv-02586-TLN-CMK |
| Plaintiff, | |
| v. | **ORDER** |
| CHICO STEAKHOUSE, LP DBA OUTBACK STEAKHOUSE; ET AL., | |
| Defendants. | |

This matter is before the Court on Plaintiff Brenda Pickern's ("Plaintiff") Motion to Strike Affirmative Defenses in Chico Mall Investor LLC's Answer. (ECF No. 31.) Defendant Chico Investors, LLC ("Defendant") opposes Plaintiff's motion. (ECF No. 33). For the reasons set forth below, Plaintiff's motion to strike is **GRANTED IN PART** and **DENIED IN PART**.

I.     FACTUAL AND PROCEDURAL BACKGROUND

In Plaintiff's Complaint she states that she is "'physically disabled,' as defined by California and United States laws" and that upon visiting the Outback Steakhouse at 1990 East 20th Street in Chico, California, she "encountered barriers (both physical and intangible) that interfered with—if not outright denied—her ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility." (Complaint, ECF No. 1 at 2−3.) Plaintiff filed a complaint against Defendant seeking damages, injunctive relief, declaratory relief,

attorney fees and costs pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, ("ADA") and related California statutes.  Plaintiff moves this Court to strike nineteen of the affirmative defenses contained in Defendant's answer.[1]  Specifically, Plaintiff requests that Affirmative Defenses One, Four, Five, Six, Eleven, Thirteen, Twenty-one, Twenty-three and Twenty-four be stricken for failing to allege sufficient facts to notify Plaintiff of the defenses. (ECF No. 31-1 at 2−6.)  In addition, Plaintiff asks this Court to strike Affirmative Defenses Two, Three, Seven, Ten, Eighteen, and Twenty-eight without leave to amend because they are "legally insufficient under any set of facts."  (ECF No. 31-1 at 8−11.)  Finally, Plaintiff asks that Affirmative Defenses Fourteen, Fifteen, Twenty-five, and Twenty-six be stricken without leave to amend because they are impertinent.  (ECF No. 31-1 at 10−11.)

In Defendant's opposition, Defendant requests that the Court grant Chico Mall leave to amend its answer with respect to the First (Failure to State a Cause of Action), Fifth (Privilege and Justification), Seventh (Unclean Hands), Thirteenth (Standing), Twenty-third (Not Readily Achievable), and Twenty-sixth (Limited Damages) affirmative defenses.  (ECF No. 33 at 3.)  Defendant opposes Plaintiff's motion to strike Defendant's Sixth Affirmative Defense (Laches) and Eleventh Affirmative Defense (Failure to Mitigate).  Accordingly, because Defendant does not oppose the dismissal of Affirmative Defenses Two, Three, Four, Ten, Fourteen, Fifteen, Eighteen, Twenty-one, Twenty-four, Twenty-five, and Twenty-eight, this Court grants Plaintiff's motion to strike those defenses.  Thus, in accordance with Plaintiff's motion, Affirmative Defenses Four, Twenty-one, and Twenty-four are stricken with leave to amend, and Affirmative Defenses Two, Three, Ten, Fourteen, Fifteen, Eighteen, Twenty-five, and Twenty-eight are stricken without leave to amend.

As such, the Court is left to determine whether Affirmative Defenses One, Five, Six, Seven, Eleven, Thirteen, Twenty-three and Twenty-six should be stricken, and if so whether Defendant should be granted leave to amend these defenses.[2]

---

[1] Plaintiff states that she has requested this Court to strike twenty of Defendant's affirmative defenses.  However, the motion filed with the Court only addresses nineteen of Defendant's affirmative defenses.

[2] Defendant's opposition notes a conversation between the parties as to whether

2

## II. Legal Standard

### a. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Id.* Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *see also* FED. R. CIV. P. 15(a)(2). If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits. *See generally Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 974−75 (9th Cir. 2010).

### b. Pleading Standard

Rule 8(c) provides, in pertinent part, that "a party must affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c). The Ninth Circuit has held that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827 (citing *Conley v. Gibson*, 355 U.S. 41, 47−48 (1957)); *accord Simmons v. Navajo*, 609 F.3d 1011, 1023 (9th Cir. 2010); *Schutte & Koerting, Inc. v. Swett & Crawford*, 298 Fed. Appx. 613, 615 (9th Cir. 2008). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Kohler v. Islands Restaurants*, LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing *Conley*, 355 U.S.

---

Defendant's Eighth Affirmative Defense (Good Faith) should be stricken. However, the Court does not see mention of this affirmative defense in Plaintiff's Motion to Strike. As such, the issue of Defendant's Eighth Affirmative Defense is not properly before this Court.

at 47). "On the other hand, an affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'" *Id.* (quoting *McArdle v. AT&T Mobility, LLC*, 657 F. Supp. 2d 1140, 1149–50 (N.D. Cal. 2009)).

### III.   Analysis

Plaintiff asks this Court to strike Defendant's "deficient affirmative defenses" by extending the rationale set forth in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to all pleadings. (ECF No. 31-1 at 3.) Plaintiff claims that this "all-pleadings approach" has been adopted by a majority of courts. (ECF No. 31-1 at 3.)

Neither the Ninth Circuit nor any other Circuit Court of Appeals has ruled on this issue. Although the "all-pleadings approach" has been adopted by some courts,[3] this Court finds that a number of more recent decisions within California have opted not to adopt this approach. *See Kohler*, 280 F.R.D. at 565−66; *Uriarte v. Schwarzenegger*, No. 06–CV–1558, 2012 WL 1622237, at *3 (S.D. Cal. May 4, 2012); *Weddle v. Bayer AG Corp.*, No. 11–CV–817, 2012 WL 1019824, at *2 (S.D. Cal. Mar. 26, 2012); *Meas v. CVS Pharmacy*, No. 11-CV-0823, 2011 WL 2837432, at *3 (S.D. Cal. July 14, 2011); *Joe Hand Promotions, Inc. v. Estradda*, No. 1:10–CV–02165, 2011 WL 2413257, at *5 (E.D. Cal. June 8, 2011); *J & J Sports Prods., Inc. v. Scace*, No. 10cv2496, 2011 WL 2132723, at *1 (S.D. Cal. May 27, 2011); *Garber v. Mohammadi*, No. CV 10–7144, 2011 WL 2076341, at *4 (C.D. Cal. Jan.19, 2011); *see also Holdbrook v. SAIA Motor*

---

[3] Following the decision in *Iqbal* and *Twombly*, a number of courts applied the pleading standard used to determine the sufficiency of a complaint in those cases to affirmative defenses. *See Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171−72 (N.D. Cal. 2010); *CTF Dev., Inc. v. Penta Hospitality, LLC*, No. C09-02429, 2009 WL 3517617, at *7−8 (N.D. Cal. Oct. 26, 2009); *Tracy ex rel. v. NVR, Inc.*, No. 04-CV-6541L, 2009 WL 3153150, at *7−8 (W.D.N.Y. Sept. 30, 2009); *FDIC v. Bristol Home Mortg. Lending, LLC*, No. 08-81536-CIV, 2009 WL 2488302, at *2−4 (S.D. Fla. Aug. 13, 2009); *Teirstein v. AGA Medical Corp.*, No. 6:08-cv-14, 2009 WL 704138, at *6 (E.D. Tex. Mar. 16, 2009); *Greenheck Fan Corp. v. Loren Cook Co.*, No. 08-cv-335-jps, 2008 WL 4443805, at *1−2 (W.D. Wis. Sept. 25, 2008); *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, No. 05-CV-0233-WWJ, 2008 WL 4391396, at *1 (W.D. Tex. Sept. 22, 2008); *Safeco Ins. Co. of Am. v. O'Hara Corp.*, No. 08-CV-10545, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008); *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV, 2008 WL 2225668, at *2 (S.D. Fla. May 28, 2008); *United States v. Quadrini*, No. 2:07-CV-13227, 2007 WL 4303213, at *3−4 (E.D. Mich. Dec. 06, 2007).

*Freight Line, LLC*, No. 09–cv–02870, 2010 WL 865380, at *2 (D. Colo. 2010); *Bartronics, Inc. v. Power–One, Inc.*, 245 F.R.D. 532, 537 n. 5 (S.D. Ala. 2007).  Furthermore, the Court finds their reasons for not adopting this approach persuasive.  First, the Ninth Circuit has continued to recognize the "fair notice standard" set forth in *Wyshak*, 607 F.2d at 827, in determining the sufficiency of an affirmative defense.  *See Simmons v. Navajo Cnty, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010).

    Second, as the court recognized in *Kohler*, 280 F.R.D. at 566, the Supreme Court's analysis in *Twombly*, 550 U.S. at 555, and *Iqbal*, 556 U.S. at 679, was limited to pleadings under Federal Rule of Civil Procedure 8(a)(2).  Rule 8(a)(2) requires that the party stating a claim for relief provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  In contrast, Rule 8(c), which governs affirmative defenses, requires only that the responding party "affirmatively state" its affirmative defenses.  FED. R. CIV. P. 8(c).  In making this distinction, the *Kohler* court stated that "[f]actual plausibility—which is the key difference between *Twombly*/*Iqbal* pleading and 'fair notice' pleading—is particularly suited to claim pleading because Rule 8(a)(2) requires that the party 'show[ ]' that it is entitled to relief."  *Kohler*, 280 F.R.D. at 566 (quoting *Iqbal*, 556 U.S. at 679).  Thus, "[a]pplying the same standard of pleading to claims and affirmative defenses, despite this clear distinction in the rules' language, would run counter to the Supreme Court's warning in *Twombly* that legislative action, not 'judicial interpretation,' is necessary to 'broaden the scope' of specific federal pleading standards."  *Id.* (citing 550 U.S. at 569 n. 14).

    Finally, the Court finds the difference in the procedural posture of a plaintiff versus a defendant supports refraining from implementing Plaintiff's proposed approach.  The District of Colorado recognized the distinction between the time that a plaintiff has to compose a complaint versus the time a defendant has to answer and found that this distinction did not support adopting the all-pleading approach.  *See Holdbrook*, 2010 WL 865380, at *2.  The court explained, "it is reasonable to impose stricter pleading requirements on a plaintiff who has significantly more time to develop factual support for his claims than a defendant who is only given [21] days to respond to a complaint and assert its affirmative defenses."  *Id.*; *see* FED. R.

CIV. P. 12(a).  As such, this Court denies Plaintiff's request to employ the "all-pleading approach" and shall evaluate each of the outstanding affirmative defenses under the "fair notice" pleading standard.

### a. Affirmative Defenses One, Five, Thirteen, and Twenty-three

Plaintiff has moved this Court to strike Affirmative Defenses One, Five, Thirteen, and Twenty-three contending that Defendant has not alleged sufficient facts to identify the basis for the claim. (ECF No. 31-1 at 3−7.)  Defendant requests that the Court grant Chico Mall leave to amend its answer as to these claims. (ECF No. 33 at 3.)  The deadline for amendments pursuant to this Court's Pretrial Scheduling Order has passed.  Thus, Defendant's request to amend must be analyzed pursuant to Federal Rule of Procedure 16 which allows for modification if Defendant can show good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension."  FED. R. CIV. P. 16.  The Court finds that because Plaintiff's motion to strike was decided after issuance of the Pretrial Scheduling Order, Defendant has shown good cause.  Thus, pursuant to Rule 15's policy of favoring amendments to pleadings "when justice so requires," this Court shall allow Defendant to amend Affirmative Defenses One, Five, Thirteen, and Twenty-three. FED. R. CIV. P. 15(a)(2).

### b. Affirmative Defense Six

Defendant's Sixth Affirmative Defense states "Defendant alleges that Plaintiff has been guilty of laches, and therefore it would be inequitable to grant Plaintiff any of the remedies sought by the Complaint."  (ECF No. 27 at 9.)  Plaintiff contends that this affirmative defense should be stricken because Defendant has not alleged sufficient facts to identify the basis for the claim. (ECF No. 31-1 at 5.)  In addition, Plaintiff argues that to the extent Defendant is alleging that Plaintiff failed to provide pre-litigation notice, such a defense is insufficient because the ADA purposefully omitted such a requirement.  (ECF No. 36 at 10.)   Defendant argues that its affirmative defense is sufficient under notice pleading.  (ECF No. 33 at 6−7.)

First, the Court finds that Defendant has complied with Federal Rule of Procedure 8(c).  The Rule requires only that a party "affirmatively state any avoidance or affirmative

1  defense, including: . . . laches." FED. R. CIV. P. 8(c).  Some courts have found affirmative

2  defenses stating a cause of action, such as laches, to be insufficient, citing to Federal Rule of Civil

3  Procedure 8(b).  *See Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal.

4  2004).  However, this Court finds the fact that affirmative defenses are governed by a separate

5  rule persuasive, and thus does not impose the restrictions set forth in Rule 8(b).  Thus,

6  Defendant's affirmative defense comports with the Federal Rules of Civil Procedure 8(c) and is

7  proper.

8  In addition, the Court finds Plaintiff's argument that Defendant's affirmative

9  defense is insufficient due to the lack of a pre-filing notice requirement in ADA claims also fails.

10 The fair notice standard only requires the pleading to provide a plaintiff with fair notice of the

11 nature and grounds of the affirmative defense, not to prove that the defendant will ultimately

12 prevail.  *See Rapp v. Lawrence Welk Resort*, No. 12-CV-01247 BEN WMC, 2013 WL 358268, at

13 *7 (S.D. Cal. Jan. 28, 2013).  As such, Plaintiff's motion to strike Affirmative Defense Six is

14 **DENIED**.

15         **c.  Affirmative Defense Seven**

16 Defendant's Seventh Affirmative Defense states "Defendant alleges that Plaintiff

17 is barred from recovery herein, in whole or in part, due to Plaintiff's own inequitable conduct and

18 the doctrine of unclean hands."  (ECF No. 27 at 9.)  Defendant requests that this Court grant

19 Plaintiff's motion to strike, but allow Defendant leave to amend.  (ECF No. 33 at 7−8.)  Plaintiff

20 contends this affirmative defense should be stricken without leave to amend because it is legally

21 and factually insufficient. (ECF No. 31-1 at 9.)  The Court **GRANTS** Defendant's request and

22 thus strikes Affirmative Defense Seven with leave to amend.  As previously stated, the fair notice

23 standard only requires the pleading to provide a plaintiff with fair notice of the nature and

24 grounds of the affirmative defense, not to prove that the defendant will ultimately prevail.  *See*

25 *Rapp*, 2013 WL 358268, at *7.  The Court is unwilling to find in the early stages of this litigation

26 that Defendant can set forth no set of facts that might allow this defense to succeed.  *See Oracle*

27 *Am., Inc. v. Micron Tech., Inc.*, 817 F. Supp. 2d 1128, 1132 (N.D. Cal. 2011).

28 //

      **d. Affirmative Defense Eleven**

Defendant's Eleventh Affirmative Defense states "Defendant alleges that Plaintiff is barred from recovering monetary damages to the extent that he has failed to mitigate or reasonably attempt to mitigate his damages as required by law." (ECF No. 27 at 10.) Plaintiff contends that this affirmative defense should be stricken because Defendant has not alleged sufficient facts to identify the basis for the claim. (ECF No. 31-1 at 5.) Defendant argues that this affirmative defense is sufficient. (ECF No. 33 at 6−7.) As discussed above, the Court finds that Defendant's affirmative defense comports with Rule 8(c). FED R. CIV. P. 8(c)(1). As such, the Court **DENIES** Plaintiff's motion to strike Defendant's Eleventh Affirmative Defense.

      **e. Affirmative Defense Twenty-six**

Defendant's Answer to Plaintiff's Amended Complaint states "[a]s a twenty-sixth separate and affirmative defense to all claims for relief alleged in the Complaint, Defendant alleges that Plaintiff's damages and/or remedies, if any, are limited in accordance with the statutory authority relied on in his Complaint, to wit: the American with Disabilities Act, the Unruh Civil Rights Act codified at California Civil Code sections 54 et seq., [and] California's Disabled Person Act." (ECF No. 27 at 13.) Plaintiff requests this Court strike this affirmative defense because it is "unresponsive or irrelevant to the issues that arise in the action." (ECF No. 31-1 at 10−11.) Specifically, Plaintiff argues that while Defendant's statement may be true it is in fact not an affirmative defense and thus should be stricken without leave to amend. (ECF No. 31-1 at 11.) The Court agrees with Plaintiff. *See* BLACK'S LAW DICTIONARY 482 (9th ed. 2009) (defining an affirmative defense as "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's ... claim, even if all the allegations in the complaint are true"). Thus, the Court **GRANTS** Plaintiff's motion to strike Defendant's Twenty-sixth Affirmative Defense.

**IV.  Conclusion**

For the foregoing reasons, Plaintiff's Motion to Strike Affirmative Defenses in Chico Mall Investor LLC's Answer (ECF No. 31) is **GRANTED IN PART** and **DENIED IN PART**. Accordingly this Court hereby

    1.    **GRANTS** Plaintiff's Motion to Strike Affirmative Defenses: One, Four,

Five, Seven, Thirteen, Twenty-one, Twenty-three and Twenty-four **with leave to amend**.  Defendant must file its amended affirmative defenses within fourteen days from the issuance of this Order;

2. **GRANTS** Plaintiff's Motion to Strike **without leave to amend** Affirmative Defenses: Two, Three, Ten, Fourteen, Fifteen, Eighteen, Twenty-five, Twenty-six and Twenty-eight; and

3. **DENIES** Plaintiff's motion to strike Affirmative Defenses Six and Eleven.

IT IS SO ORDERED.

**Dated: August 7, 2013**

Troy L. Nunley
United States District Judge